IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KNIT PEARL, LLC, an Oregon limited liability
company; and VALERIE DEGROOT, an
individual,                                                      CV-05-845-ST

                        Plaintiffs,                             OPINION AND ORDER

        v.

SHIBUI, LLC, an Oregon limited liability
company; and DARCILYNN CAMERON, an
individual,

_____Defendants._____

STEWART, Magistrate Judge:

        Defendants have filed two motions to compel, one concerning documents and the other

concerning interrogatory responses (dockets # 35 & # 37).  As explained below, the motion to

compel documents is denied and the motion to compel interrogatory responses is granted in part

and denied in part.

///

///

## I.     Motion to Compel Production of Documents

Defendants seek to compel plaintiffs to produce documents in responses to Requests

Nos. 4, 10, 12, and 14-18.  In response, plaintiffs first point out that defendants filed this motion

without making a good faith effort "through personal or telephone conference to resolve the

dispute" as required by Local Rule 7.1(a)(1).  Instead, as stated in their certification, defendants

only made a good faith effort "through written correspondence to resolve the dispute."

Conferring through written correspondence does not comply with Local Rule 7.1(a)(1).

Although defendants' motion should be denied for that reason alone, this court will step into the

fray in an attempt to avoid any escalation of hostilities between the parties.

As noted by defendants in their Reply, many of the issues in dispute have been resolved

through plaintiffs' representation that they have no documents beyond those already produced.

In particular, plaintiffs have no further documents in response to Requests Nos. 4 and 10.

Similarly, in response to Request No. 18 seeking information relating to the personal bankruptcy

of Valerie DeGroot, Fiber Arts Northwest, LLC, Knit Pearl, LLC, and/or "Knit Purl," plaintiffs

state that Ms. DeGroot filed personal bankruptcy proceedings and that "[i]f there were

documents, *and there are not*, they would have no reasonable likelihood of leading to the

discovery of admissible evidence" (emphasis added).  Given the lack of responsive documents,

production cannot be compelled.  Furthermore, plaintiffs' objection to Request No. 18 is well-

taken.  Should defendants disagree, they are free to review the bankruptcy court files.

The remaining requests relate to the business records of Fiber Arts Northwest, LLC.

Although plaintiffs have produced all responsive documents relating to Knit Pearl, LLC, and

Knit Pearl products, including internet sales in response to Request No. 14, she contends that the

other requested documents are irrelevant.  Defendants, however, claim that they need the requested documents to identify customers present in the Fiber Arts Northwest, LLC, store during plaintiffs' sale of Knit Pearl products or other witnesses who can confirm or deny a display of "Knit Purl" patterns.

Although identification of potential witnesses is relevant, none of defendants' requests are directed at obtaining that information.  Defendants instead request production of *all* documents concerning Ms. DeGroot's efforts to sell the Fiber Arts Northwest, LLC, store (Request No. 12), use of the internet (Request No. 14), paid knitting instructions or instructors (Request No. 15), employment of employees (Request No. 16), business practices in the knitting industry (Request No. 17).  These requests are overly broad, unduly burdensome and not narrowly tailored to identifying customers or other potential witnesses.

Accordingly, defendants' Motion to Compel Production of Documents (docket # 35) is denied.

## II.    <u>Motion to Compel Interrogatory Responses</u>

Despite the certification to the contrary, it appears that defendants failed to comply with Local Rule 7.1(a)(1) before filing the motion to compel interrogatory responses by attempting to resolve the dispute only through written correspondence.  Nevertheless, this court will address the substance of the motion.

Defendants first complain that plaintiffs' answers to interrogatories were not verified under oath.  However, as explained by plaintiffs, the verification was done on November 13, 2005, but was inadvertently omitted from the transmission to defendants due to an unintentional oversight.  That oversight has now been remedied.

3 - OPINION AND ORDER

**Interrogatory No. 2**:  This interrogatory asks plaintiffs to identify the names and addresses of all sales persons, wholesalers, manufacturers, and vendors with whom it used the "Knit Purl" name.  Defendants seeks this information in order to identify non-party witnesses.  Plaintiffs responded that the information "is not available in a form such that this question can be responded to by interrogatory" and invited defendants "to inquire at deposition."

This is not a sufficient answer.  Defendants are limited to obtaining this information through deposition.  If the information is obtained in documents already produced, then plaintiffs should file a supplemental answer "to specify the records from which the answer can be derived or ascertained."  FRCP 33(d).  Alternatively, if this information has already been provided by deposition, then plaintiffs should so state in their supplemental answer.

**Interrogatory No. 3**:  In response to a request for names and addresses of all city, county, state and other governmental agencies with whom plaintiffs used or applyied for authority to use the name "Knit Purl," plaintiffs refer to the documents produced for state and federal trademark registration and object to the balance of the request as irrelevant.

Referring to documents already produced is an adequate response under FRCP 33(d).  However, it is not clear why plaintiffs believe that the balance of the request is irrelevant.  Defendants are entitled to know whether plaintiffs used or applied for authority to use the name "Knit Purl" with any other agencies.  Therefore, plaintiffs should supplement their answer by either providing the information requested for other agencies or stating that it has contacted no other agencies for such a purpose.

**Interrogatory No. 6**:  As requested, plaintiffs identified Ms. DeGroot as the most knowledgeable person.  No further answer is required.  To the extent that defendants wish to

identify customers who could have seen a display of "Knit Purl" products for sale at the Fiber Arts Northwest, LLC, store, then they can ask Ms. DeGroot.

**Interrogatory No. 9**:  On the basis of the work product and attorney-client privileges, plaintiffs objected to stating whether any plaintiffs obtained any trademark report prior to adoption and use of the "Knit Purl" mark.  In response to defendants' motion, plaintiffs further explain that no such report was ordered by the parties, and any such report ordered by counsel is work product or attorney-client privileged.

As plaintiffs appear to now acknowledge, any trademark report ordered by plaintiffs, as opposed to being ordered by counsel on their behalf, is not work product or attorney-client privileged.  If no such report was ordered, then plaintiffs must supplement this answer accordingly.

**Interrogatory No. 14**:  Plaintiffs objected to identifying all individuals having any knowledge of their use of the name "Knit Purl" as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  In their response to defendants' motion, plaintiffs add that this information is contained on invoices already produced and is the type of information more easily obtained at deposition.

Plaintiffs' objection is not well-taken.  Defendants are entitled to obtain this information, and the interrogatory is not overly broad.  If the information is obtained in documents already produced, then plaintiffs should file a supplemental answer so stating.  Alternatively, if this information has already been provided by deposition, then plaintiffs should so state in their supplemental answer.

*///*

Accordingly, plaintiffs must file supplemental and verified answers to Interrogatories Nos. 2, 3, 9, and 14.

## **ORDER**

For the reasons set forth above, defendants' Motion to Compel Production of Documents (docket # 35) is DENIED and defendants' Motion to Compel Responses to Interrogatories (docket # 37) is GRANTED IN PART and DENIED IN PART.

Plaintiff's supplemental responses to interrogatories are due by February 17, 2006. In addition, the parties are cautioned that documents not produced in response to discovery requests will be deemed inadmissible in evidence, both for dispositive motions and at trial.

DATED this 7th day of February, 2006.


s/  Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge